JUSTICE WEBER
delivered the Opinion of the Court.
This is an appeal from grant of summary judgment to the defendants by the Thirteenth Judicial District Court, Yellowstone County. We affirm.
The following issue is dispositive of the case:
Did the District Court err in granting summary judgment on the issues of negligent retention and sexual harassment?
Plaintiff, Wendi Bruner was employed as a secretary by the Yellowstone County Attorney’s Office from August of 1991 until she tendered her resignation on April 8,1992. In her resignation, plaintiff claimed that she had been continually sexually harassed by then Deputy County Attorney David Hoefer.
On April 9,1992, County Attorney Dennis Paxinos hired a private investigator to investigate plaintiff’s allegations and pending the investigator’s findings, suspended Hoefer with pay. The investigator concluded that the charges were warranted and Paxinos then terminated Hoefer without pay on May 19, 1992.
*264 In its Memorandum and Order, the District Court pointed out that Hoefer began grievance procedures against the County and on May 22, 1992, the Board of County Commissioners conducted a preliminary hearing and on that date negotiated a compromise settlement with Hoefer. On June 1, 1992, Hoefer executed a release and settlement agreement with the County which provided that Hoefer tendered his voluntary resignation effective May 19, 1992 and released any and all claims between Yellowstone County and himself in return for $30,000 in settlement. While the $30,000 settlement was reported in the media, the settlement agreement contained a confidentiality clause and terms were not released to the public until after the County officials were compelled to release the documents.
On September 1, 1993, plaintiff filed a complaint with the Equal Employment Opportunity Commission, which rejected the claim as untimely, but issued a right to sue letter. On the same date the plaintiff filed a complaint of sexual harassment with the Montana Human Rights Commission (MHRC). In January, 1994, MHRC considered the length of delay in filing, but concluded that the statute of limitations was tolled on an equitable estoppel theory and that plaintiff’s claim was timely made. MHRC dismissed the plaintiff’s complaint without prejudice but did not issue a right to sue letter.
On April 1, 1994, plaintiff filed her First Amended Complaint in Yellowstone County District Court charging the defendants with negligent retention and sexual harassment and charging Hoefer with battery as well. Following two motions for summary judgment, the District Court held a hearing and thereafter issued its order on November 25, 1994, granting summary judgment to the defendants on all counts. Plaintiff appeals this order.

Standard of Review

The standard of review for a grant of summary judgment is well settled in Montana. This Court will apply the same evaluation as the district court based upon Rule 56, M.R.Civ.P. The movant must demonstrate that no genuine issues of material fact exist. Toombs v. Getter Trucking, Inc. (1993), 256 Mont. 282, 846 P.2d 265. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. S.M. v. R.B. (1993), 261 Mont. 522, 862 P.2d 1166. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. Lindey’s, Inc. v. Professional Consult *265 ants, Inc. (1990), 244 Mont. 238, 797 P.2d 920. We review the legal determinations made by a district court as to whether the court erred. Matter of Estate of Alcorn (1994), 263 Mont. 353, 868 P.2d 629.
ISSUE
Did the District Court err in granting summary judgment on the issues of negligent retention and sexual harassment?
The District Court concluded that the exclusive remedy for injury occasioned by this type of conduct is to be found in the Montana Human Rights Act under § 49-2-509(7), MCA. Reference was made to Harrison v. Chance (1990), 244 Mont. 215, 797 P.2d 200, which so holds. The court further concluded that plaintiff had failed to bring her claim in a timely fashion under the relevant statutes whether the 180 day statute or the 300 day statute be applied. Plaintiff had failed to bring a claim for more than 487 days. The District Court referred to the following allegation in the verified complaint of the plaintiff before the MHRC:
I knew that I had legal rights available to me to sue the County, however, I was willing to forego those rights on condition that Mr. Hoefer be removed from his employment and would never be in a position to sexually harass a secretary again.
Plaintiff contends the defendants are directly liable to her for negligence in retaining Hoefer, independent of Hoefer’s sexually harassing conduct. Plaintiff argues that the defendants knew of Hoefer’s conduct toward women but did nothing and that had the defendants acted responsibly, she would not have been injured by Hoefer.
Defendants contend that plaintiff cannot bring a tort action for negligent retention because it is still a tort action which was derived from Hoefer’s sexual harassment and that plaintiff’s sexual harassment claim is barred due to its untimeliness.
As the moving parties for summary judgment, the defendants had to show a complete absence of any genuine issues of fact deemed material in light of substantive principles that entitle that party to judgment as a matter of law. S.M., 862 P.2d at 1168. The defendants contend they satisfied that burden by showing that no material facts existed which would provide a cause of action against the County. Plaintiff also relies upon the letter sent by the County Attorney to Hoefer on May 19, 1992, following her resignation and the independent investigation. The letter contained the following paragraph with regard to Hoefer:
*266 Specifically you were warned by both Chief Deputy Daniel Schwarz and myself [Paxinos] that your expectation that [Wendi] accompany you to all your court matters had been overdone. We further warned you that you were alienating [Wendi] from the rest of the staff... You were specifically requested to attend a seminar dealing specifically with sexual harassment, which you did. Chief Deputy Schwarz and myself gave you specific instructions to neither take breaks nor have lunch with [Wendi] alone. You were specifically instructed that there should always be at least one other support staff person or fellow attorney to protect both yourself and [Wendi] from any allegations of misconduct or inappropriate behavior.
While this letter suggests the possibility that the County Attorney had knowledge of Hoefer’s conduct prior to the date of his dismissal, such facts are not material to the resolution of the summary judgment issue. Summary judgment is appropriate where a plaintiff fails to set forth facts which would establish each element of the alleged cause of action. Dvorak v. Matador (1986), 223 Mont. 98, 727 P.2d 1306. Plaintiff merely argues that the defendants knew before her resignation that Hoefer was causing problems. In itself that letter fails to establish the elements of the tort of negligent retention.
The letter does demonstrate that the defendants had taken steps to eradicate unprofessional behavior on Hoefer’s part. Plaintiff failed to rebut the elements of the affidavit of the County Attorney which established that as soon as the County Attornéy was notified by the plaintiff that a problem existed, Hoefer was suspended and investigated. The affidavit establishes without contradiction that Hoefer never worked a day after the plaintiff resigned. Plaintiff failed to set forth any facts demonstrating actual notification to the defendants about Hoefer’s behavior until she actually resigned.
The key question is whether plaintiff could have recovered for negligent retention as a matter of law. The District Court relied on Harrison for the proposition that the exclusive remedy for any complaint arising from sexual harassment is § 49-2-509(7), MCA. Plaintiff argued that her action against the County was not based upon sexual harassment. Our more recent holding of Hash v. U.S. West Communication Services (1994), 268 Mont. 326, 886 P.2d 442, at page 445-46 held:
Hash asserts that timely filing of a discrimination claim with the HRC is not a prerequisite to filing with the district court. We previously have resolved this issue against Hash’s position. In *267 Harrison v. Chance (1990), 244 Mont. 215, 797 P.2d 200, we held that the Act provides the exclusive remedy for sexual discrimination claims. We did so on the basis that a 1987 legislative amendment made the Act the exclusive remedy for sexual discrimination. We held that the “statutory procedures for discrimination are exclusive remedies and cannot be bypassed.” Harrison, 797 P.2d at 203. Like the plaintiff in Harrison, Hash chose to file a discrimination claim in district court without first timely filing her complaint with the HRC.
The Legislature clearly intended that the Act be the exclusive remedy for discrimination claims. We adopted this intent in Harrison and maintain it in the instant case. To permit parties to delay filing with the HRC until the HRC filing time ran out and then file their claims directly in district court would, in a sense, gut the Act. We reaffirm our decision that the HRC is the exclusive remedy for Hash’s discrimination claim. (Emphasis supplied.)
In Harrison, this Court further considered claims for intentional infliction of emotional distress and outrage arising from the charges of sexually explicit conduct and also theories of wrongful discharge and breach of the implied covenant of good faith and fair dealing. In our present case, plaintiff has charged the defendants with negligent retention of Hoefer. At that point, the following statement in Harrison is pertinent:
As in this case, any claim based upon sexual harassment can be framed in terms of numerous tort theories. The legislature expressed its intent that the Commission provide the exclusive remedy for illegal discrimination when it enacted subsection (7) of § 49-2-509, MCA. To allow such recharacterization of what is at heart a sexual discrimination claim, would be to eviscerate the mandate of the Human Rights Commission.
Harrison, 797 P.2d at 200. Plaintiff contends that the tort she charged has nothing to do with Hoefer’s sexual harassment. Clearly that is not a proper conclusion. If the sexual harassment were removed from the factual picture, plaintiff would have no tort claim. Because the sexual harassment is at the foundation of her claim of negligent retention, the only remedy she has is in the Montana Human Rights Act, §§ 49-2-101 et seq., MCA. We conclude that the holdings of Hash and Harrison are controlling and that the exclusive remedy for the claimed negligent retention of Hoefer and sexual harassment by Hoefer is to be found in the Montana Human Rights Act.
*268 Section 49-2-501, MCA, required plaintiff to file her claim with the MHRC within 180 days, or if a grievance is filed first, 300 days. Plaintiff failed to file her claims within those periods of time. Plaintiff attempts to argue that she agreed not to file charges if the County would fire Hoefer and he could not harass other women. She became frustrated when she learned that the County had paid Hoefer $30,000, and then instituted these proceedings.
Plaintiff has failed to demonstrate any contract or agreement on the part of the defendants which was breached in connection with Hoefer. Plaintiff resigned on April 8, 1992, and raised to the County Attorney the issue of inappropriate behavior by deputy Hoefer. The County Attorney suspended Hoefer on April 9, 1992, and Hoefer did not work for Yellowstone County after that time.
It is true that the MHRC eventually determined that the statutory filing time should be tolled on a theory of equitable estoppel. However, the District Court specifically considered this issue and concluded that equitable estoppel did not apply so that the complaint was untimely filed.
Equitable estoppel is not favored and will be sustained only upon clear and convincing evidence. Ducham v. Tama (1994), 265 Mont. 436, 877 P.2d 1002. To constitute equitable estoppel, there must be conduct amounting to representation or concealment of material facts; these facts must be known to the party estopped at time of conduct; truth concerning these facts must be unknown to the other party claiming benefit of estoppel at the time it was acted upon; conduct must be done with intention, or at least with expectation that it will be acted upon by the other party; conduct must be relied upon by the other party and the other party must in fact act upon it in such a manner as to change his position for the worse. Kephart v. Portmann (1993), 259 Mont. 232, 855 P.2d 120.
Nothing in the record indicates that the County failed to carry through any representations to plaintiff. Hoefer did not work following the filing of plaintiff’s resignation. Plaintiff resigned as of the end of April in 1992, yet it was not until the end of May 1992 that the Commissioners decided to pay Hoefer to resign voluntarily without filing an action against the County. Thus, there never was any representation to plaintiff that the County would not pay Hoefer money to disappear. Plaintiff never relied, to her detriment, on anything that the County said. Therefore, the District Court was correct when it determined that plaintiff did not meet the requirements of equitable estoppel.
*269 We hold that the District Court was correct in concluding that plaintiff had failed to bring her claims in a timely fashion under the appropriate statutes and that she had failed to prove equitable estoppel.
We affirm the conclusion of the District Court that the exclusive remedy for plaintiff’s complaint was under the provisions of the Montana Human Rights Act and that she failed to demonstrate any basis for the application of the tort of negligent retention. We further affirm the conclusion of the District Court that equitable estoppel did not apply and that as a result plaintiff had failed to meet the statutory deadlines. We hold the District Court correctly granted summary judgment to the defendants.
Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY and NELSON concur.