No. 98-142

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 15N

FLATHEAD COUNTY,

Plaintiff and Respondent,

v.

SURE SEAL DUST CONTROL and

ANTHONY J. SERIO d/b/a

SURE SEAL DUST CONTROL,

Defendants and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Ward E. Taleff and Karl K. Rudbach; Alexander, Baucus, Taleff &

Paul, Great Falls, Montana

For Respondent:

Dennis E. Hester, Deputy Flathead County Attorney, Kalispell, Montana

Submitted on Briefs: August 6, 1998

Decided: January 28, 1999

Filed:

No

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Flathead County filed a complaint against Sure Seal Dust Control and Anthony Serio, doing business as Sure Seal Dust Control (collectively, Sure Seal), a dust suppressant business, for dumping or leaving a "solid waste" on its property on five separate occasions in violation of § 75-10-212, MCA. The Eleventh Judicial District Court, Flathead County, ultimately granted Flathead County's motion for summary judgment and imposed a $5,000 civil penalty for each of the five violations. Sure Seal appeals and we affirm.**

**¶3. The overall issue on appeal is whether the District Court erred in granting summary judgment to Flathead County. In resolving that issue, we address the following restated issues:**

**¶4. 1. Whether the District Court erred in concluding that no genuine issue of material fact exists that the residue at issue is a "solid waste" as defined in § 75-10-203(11), MCA.**

**¶5. 2. Whether the District Court erred in concluding that no genuine issue of material fact exists that Sure Seal dumped or left the residue on Flathead County's Sheepherder Gravel Pit property on three occasions.**

¶6. 3. Whether Flathead County violated Sure Seal's due process rights by revoking its permit without notice and a hearing.

¶7. 4. Whether the District Court erred by imposing a $5,000 penalty for each of the five violations.

## BACKGROUND

¶8. At all times pertinent to this case, Sure Seal was a dust suppression business in Flathead County, Montana. It also contracted with two lumber companies to dispose of a wood byproduct called veneer dryer precipitator residue (residue). Prior to mid-1994, Sure Seal operated under a dust abatement permit which allowed it to apply approved dust abatement on Flathead County roads. One of the materials Sure Seal used was the residue; its employee, Jesse Serio, applied the residue to gravel roads as a dust suppressant. In June of 1994, Sure Seal's dust abatement permit expired and was not renewed. Sure Seal continued to apply the residue on Flathead County roads and other property without a permit.

¶9. Flathead County subsequently sued Sure Seal, alleging that Sure Seal disposed of the residue, which constituted a "solid waste" under § 75-10-203(11), MCA, on its property on five different occasions in violation of § 75-10-212, MCA. Two of the violations allegedly occurred on county roads; the other three allegedly occurred at Flathead County's Sheepherder Gravel Pit (the gravel pit). Flathead County sought the assessment of a $5,000 civil penalty for each violation and requested that Sure Seal be enjoined from disposing of solid waste in a manner contrary to that permitted by Title 75, Chapter 10, Part 2, MCA, the Montana Solid Waste Management Act.

¶10. The District Court permitted Sure Seal's counsel to withdraw and Sure Seal proceeded *pro se*. Discovery ensued. Thereafter, Flathead County moved for summary judgment and Sure Seal filed a brief in opposition to the motion. The District Court determined that Flathead County established the absence of any genuine issue of material fact regarding Sure Seal's violations of § 75-10-212, MCA, noting that Sure Seal had failed to come forward with any admissible evidence

raising a genuine factual issue. On that basis, the District Court concluded that Sure Seal violated § 75-10-212, MCA, on five occasions and that Flathead County was entitled to summary judgment and to the imposition of a $5,000 civil penalty for each of the violations. Sure Seal appeals.

*STANDARD OF REVIEW¶11. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions, and any affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. We review a district court's grant of summary judgment de novo, applying the same Rule 56(c), M.R.Civ.P., criteria used by that court. Clover Leaf Dairy v. State (1997), 285 Mont. 380, 385, 948 P.2d 1164, 1167 (citation omitted).*

¶12. The party moving for summary judgment must show a complete absence of any genuine issues of fact deemed material in light of the substantive principles which entitle that party to judgment as a matter of law. Bruner v. Yellowstone County (1995), 272 Mont. 261, 265, 900 P.2d 901, 904 (citation omitted). Once the moving party's burden has been met, the burden shifts to the nonmoving party to prove, by more than mere denial and speculation, that a genuine issue does exist. *Bruner*, 272 Mont. at 264, 900 P.2d at 903 (citation omitted). We review a district court's conclusions of law, including those regarding the application of a statute, to determine whether the court's interpretation of the law is correct. Ash Grove Cement Co. v. Jefferson County (1997), 283 Mont. 486, 491, 943 P.2d 85, 89 (citation omitted); *Clover Leaf*, 285 Mont. at 389, 948 P.2d at 1169 (citation omitted).

*DISCUSSION¶13. Before addressing the issues properly before us, we observe that Sure Seal raises the following three issues on appeal which were not raised in the District Court: 1) that Flathead County violated Jesse Serio's Fifth Amendment rights when it took his deposition; 2) that Sure Seal is a corporation and Anthony Serio cannot be held personally liable for the civil penalties; and 3) that Sure Seal is not liable for the residue allegedly disposed of at the gravel pit because the residue was cleaned up. Conceding that these issues are raised for the first time on appeal, Sure Seal requests that we apply the common law plain error doctrine and resolve these newly raised issues. We decline to do so.*

¶14. It is well settled that this Court will not consider issues raised for the first time on appeal. Cenex v. Board of Com'rs for Yellowstone (1997), 283 Mont. 330, 337-38, 941 P.2d 964, 968 (citation omitted). Moreover, while Sure Seal correctly relies on State v. Sullivan (1996), 280 Mont. 25, 927 P.2d 1033, for the proposition that we may review issues not raised in the district court under the common law plain error doctrine, the doctrine is of limited application and is to be used sparingly. *Sullivan*, 280 Mont. at 31, 927 P.2d at 1037 (citation omitted). Sure Seal also relies on State v. Finley (1996), 276 Mont. 126, 915 P.2d 208. There, however, we concluded

that this Court may discretionarily review claimed errors that *implicate a criminal defendant's fundamental constitutional rights*, . . . where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.

*Finley*, 276 Mont. at 137, 915 P.2d at 215 *(emphasis added). As enunciated in Finley, the doctrine clearly is inapplicable here because the present case does not meet the threshold criterion that the claimed errors implicate a criminal defendant's fundamental constitutional rights.*

¶15. For similar reasons, Sure Seal's reliance on State v. Poncelot (1980), 187 Mont. 528, 610 P.2d 698, for the proposition that we are more inclined to apply the plain error doctrine where the defendant appeared *pro se* is misplaced. *Poncelot*, *Sullivan* and *Finley* were all criminal cases; the present case is not.

¶16. Sure Seal cites to no authority under which the common law plain error doctrine would be applicable here. As a result, we decline to address the new issues Sure Seal raises on appeal.

¶17. 1. Did the District Court err in concluding that no genuine issue of material fact exists that the residue at issue is a "solid waste" as defined by § 75-10-203(11), MCA?

¶18. The District Court concluded that Flathead County met its burden of establishing the absence of any genuine issue of material fact regarding Sure Seal's violation of § 75-10-212, MCA, because the residue dumped or left was a "wood byproduct" and, therefore, a "solid waste" as defined in § 75-10-203(11)(a), MCA. The District Court also concluded that Sure Seal failed to come forward with admissible evidence raising a genuine issue of material fact in that regard. On appeal, Sure Seal contends that the District Court erred in concluding that no genuine issue of material fact exists that the residue is a "solid waste" because the residue is a "marketable byproduct" which is expressly excluded from the definition of a "solid waste."

¶19. In order for Flathead County to succeed on summary judgment, it was required to establish the complete absence of any genuine issue of fact deemed material in

light of the elements needed to establish a violation of § 75-10-212, MCA. *See Bruner*, 272 Mont. at 265, 900 P.2d at 904 (citation omitted). Section 75-10-212, MCA, provides in pertinent part:

(1) No person may dispose of solid waste except as permitted under this part.

(2) It shall be unlawful to dump or leave any garbage, dead animal, or other debris or refuse:

(a) in or upon any highway, road, street, or alley of this state;

(b) in or upon any public property, highway, street, or alley under the control of the state of Montana or any political subdivision thereof or any officer or agent or department thereof[.]

The term "solid waste" is defined in § 75-10-203(11)(a), MCA, as "all putrescible and nonputrescible wastes . . . and wood products or wood byproducts and inert materials." Flathead County presented evidence establishing that the residue is a "wood byproduct" and, indeed, Sure Seal does not dispute that the residue is a solid waste pursuant to § 75-10-203(11)(a), MCA. Thus, Flathead County met its initial burden of establishing that no genuine issue of material fact existed with regard to the residue being a solid waste.

¶20. The burden then shifted to Sure Seal to come forward with evidence, not mere denial or speculation, that a genuine issue of fact exists. *See Bruner*, 272 Mont. at 264, 900 P.2d at 903 (citation omitted). In an attempt to meet this burden, Sure Seal asserted that the residue was a marketable byproduct excluded from the definition of solid waste by § 75-10-203(11)(b), MCA, which provides that solid waste "does not mean municipal sewage, industrial wastewater effluents . . . or marketable byproducts." It attached certain materials to its brief which were intended to support the marketable byproduct claim and raise a genuine issue of fact regarding whether the residue was a solid waste. The District Court determined that the attached materials were not admissible evidence and, on that basis, concluded that no genuine issue of material fact existed regarding the residue being a solid waste.

¶21. On appeal, Sure Seal does not contend that the District Court abused its discretion in determining that the materials submitted in opposition to Flathead

County's motion for summary judgment were inadmissible or otherwise attempt to rely on those materials. Instead, it refers for the first time to Jesse Serio's deposition in attempting to show that Sure Seal had clients purchasing applications of the residue and, on that basis, to raise a genuine issue of material fact that the residue is a marketable byproduct under § 75-10-203(11)(b), MCA, rather than a solid waste under § 75-10-203(11)(a), MCA.

¶22. The problem with this approach is that, while Jesse Serio's deposition was part of the record in the District Court, Sure Seal did not rely on it as evidence raising a genuine issue of material fact, notwithstanding the opportunity to do so. Once the party moving for summary judgment has met its initial burden, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), M.R.Civ.P. Sure Seal failed to meet its burden in the District Court and may not attempt to meet it on appeal by coming forward with evidence presented for the first time. We hold that the District Court did not err in determining that no genuine issue existed that the residue was a solid waste under § 75-10-203(11), MCA.

¶23. **2. Did the District Court err in concluding that no genuine issue of material fact exists that Serio dumped or left the residue on Flathead County's gravel pit property on three occasions?**

¶24. The District Court also concluded that no genuine issue of material fact existed regarding Sure Seal's disposal of the residue on Flathead County's property on five separate occasions, two involving county roads and three involving the gravel pit. Sure Seal contends that Flathead County did not establish the absence of any genuine issue of material fact that it disposed of the residue at the gravel pit on three occasions.

¶25. At the time of the violations, Sure Seal owned property adjoining Flathead County's property at the gravel pit. A road ran through Sure Seal's property to Flathead County's gravel pit property.

¶26. Sure Seal raises a "boundary confusion" issue on appeal regarding whether the residue was spread on its property or Flathead County's gravel pit property. This issue was not raised in the District Court and, as discussed above, we will not consider issues raised for the first time on appeal. *See Cenex*, 283 Mont. at 337-38, 941 P.2d at 968 (citation omitted). As it did above, Sure Seal again requests that we apply the common law plain error doctrine to resolve this issue. For the reasons

previously discussed, we decline to do so.

¶27. Sure Seal also contends that Flathead County did not meet its burden of showing that no genuine issue of material fact existed that the residue was dumped or spread on the gravel pit property. We disagree.

¶28. In support of its motion for summary judgment, Flathead County relied on the affidavits of Vicki Gallo, a Chief Deputy of the Flathead County Clerk and Recorder, and Marc Pitman, the Flathead County Road Department Superintendent at the time of the violations, as well as the deposition of Jesse Serio. Vicki Gallo's affidavit established that Flathead County owned the gravel pit. Marc Pitman's affidavit established that the residue was dumped in the gravel pit on January 18, and January 20, 1995, and at some unknown date and time in the winter of 1994-95; it did not state that Marc Pitman observed Sure Seal dumping the residue.

¶29. Sure Seal contends that Flathead County did not meet its burden because Vicki Gallo's affidavit did not state where the boundary was between Sure Seal's property and Flathead County's gavel pit property or if Flathead County owned the road running through Sure Seal's property. Jesse Serio's deposition confirmed, however, that he had applied or spread the residue in the gravel pit and that he knew he was spreading it on Flathead County's property.

¶30. Serio also contends that Flathead County did not meet its burden because Marc Pitman's affidavit did not indicate whose property the residue was dumped on or who dumped the residue in the gravel pit. It was not necessary that the affidavit establish these facts. Marc Pitman's affidavit established that the residue was dumped in the gravel pit, Vicki Gallo's affidavit established that Flathead County owned the gravel pit and Jesse Serio's deposition confirmed that he had applied or spread the residue in the gravel pit and knew he was spreading it on Flathead County's property at the gravel pit. On this record, Flathead County met its initial burden of establishing the absence of any genuine issue of material fact that Sure Seal disposed of the residue at Flathead County's gravel pit property.

¶31. Sure Seal also contended initially that Flathead County failed to show the absence of any genuine issue of material fact regarding dumping of the residue in the gravel pit on each of the three particular dates set forth in the amended complaint. In its reply brief, however, Sure Seal acknowledged that Jesse Serio admitted to

spreading the residue in the gravel pit on January 20, 1995. As a result, Sure Seal concedes that no genuine issue of material fact exists regarding the January 20, 1995, date and we will not address it further.

¶32. Sure Seal disputes the January 18, 1995, violation contending that, while Jesse Serio admitted in his deposition to spreading the residue in the gravel pit on either January 18 or January 19, 1995, he did not specifically mention whether the residue was spread on Flathead County's property. Jesse Serio subsequently admitted at a later point in his deposition that he knew the residue was being spread on Flathead County's property, however. Thus, Sure Seal's contention lacks merit.

¶33. Sure Seal also disputes the violation alleged to have occurred at some unknown date and time in the winter of 1994-95. It contends that, while Jesse Serio admitted in his deposition that he spread the residue in the gravel pit "three or four times," he did not indicate whether he did so during the winter of 1994-95 or at some earlier time. Again, Sure Seal's contention lacks merit because the questions and answers prior to Jesse Serio's admission focused on the winter of 1994-95 and Jesse Serio's statement that he spread the residue in the gravel pit "three or four times" clearly referred to the winter of 1994-95. On this record, therefore, Flathead County met its initial burden of establishing the absence of any genuine issue of material fact that Sure Seal disposed of the residue at the gravel pit property on the three occasions set forth in the amended complaint.

¶34. The burden then shifted to Sure Seal to prove, by more than mere denial or speculation, that a genuine issue of material fact existed. *See Bruner*, 272 Mont. at 264, 900 P.2d at 903 (citation omitted). In other words, Sure Seal was required to come forward with admissible evidence--such as pleadings, depositions, answers to interrogatories, admissions on file, or affidavits--raising a genuine issue for trial. *See* Rules 56(c) and (e), M.R.Civ.P.

¶35. Sure Seal's brief in opposition to Flathead County's motion for summary judgment merely asserted that Sure Seal never dumped the residue at the gravel pit. An argument in a brief is not evidence and Sure Seal did not come forward with any admissible evidence raising a genuine issue for trial. We conclude, therefore, that the District Court did not err in determining that no genuine issue of material fact existed regarding whether Sure Seal dumped or left the residue at the gravel pit on three occasions.

¶36. **3. Did Flathead County violate Sure Seal's due process rights by revoking its permit without notice and a hearing?**

¶37. In the District Court, Sure Seal contended, in effect, that Flathead County violated its right to due process by revoking its dust abatement permit without a hearing before the Board of Commissioners of Flathead County. The premise underlying this contention was that Flathead County was required to take any problems with the application of dust suppression materials to the county commissioners before Sure Seal's permit could be revoked. The District Court observed that Sure Seal provided no authority in support of its position and did not address the issue further.

¶38. On appeal, Sure Seal reasserts the contention raised in the District Court and cites to cases which purportedly support its due process argument. We decline to address those authorities or the due process argument.

¶39. Parties must support their positions in the district court in order to obtain a ruling on the merits. Clearly, it is not the trial court's role to research and develop those positions for a party. Nor will we substantively address an issue on appeal which was not properly supported in the trial court.

¶40. **4. Did the District Court err by imposing a $5,000 penalty for each of the five violations?**

¶41. In granting summary judgment to Flathead County, the District Court determined that Flathead County was entitled to the relief requested, namely, the assessment of a $5,000 civil penalty for each of Sure Seal's five violations of § 75-10-212, MCA. On appeal, Sure Seal contends that the District Court committed legal error because $5,000 is the maximum penalty allowed under § 75-10-233, MCA, for aggregated violations. Alternatively, it argues that the court abused its discretion in assessing the maximum available penalty for each violation.

¶42. Flathead County's motion for summary judgment specifically addressed the statutory civil penalty and provided the rationale for assessing the maximum penalty for each violation. Sure Seal's response did not mention the penalty. Thus, Sure Seal raises this issue for the first time on appeal and, as set forth above, this Court will not

consider issues raised for the first time on appeal. *See Cenex*, 283 Mont. at 337-38, 941 P.2d at 968 (citation omitted). The issue not being properly before us, we decline to address it further.

**¶43. Affirmed.**

/S/ KARLA M. GRAY

We concur:


/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER