No. 99-448

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 106

299 Mont. 315

998 P. 2d 1168

P.C. RENTAL, INC., d/b/a

BUDGET RENT-A-CAR,

Plaintiff and Appellant,

v.

CHASE MANHATTAN BANK and

VISA U.S.A.,

Defendants and Respondents.

APPEAL FROM: District Court of the Eighteen Judicial District,

In and for the County of Gallatin,

The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

William A. D'Alton, Brown Law Firm, P.C., Billings, Montana

For Respondents:

Allan H. Baris, Moore, O'Connell & Refling, P.C., Bozeman, Montana

_____

Submitted on Briefs: December 2, 1999

Decided: April 27, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

1. ¶P.C. Rental, Inc., d/b/a Budget Rent-a-Car (P.C. Rental), appeals from the judgment entered by the Eighteenth Judicial District Court in Gallatin County, awarding summary judgment in favor of Chase Manhattan Bank and Visa U.S.A. (collectively, Visa) and dismissing P.C. Rental's Amended Complaint with prejudice. We affirm.

2. ¶Of the issues raised on appeal by P.C. Rental, only one is dispositive: Whether the District Court erred when it concluded that P.C. Rental's physical damage coverage was primary coverage and Visa's auto rental insurance coverage was excess coverage? The other issues raised involve consideration of P.C. Rental's liability coverage. While the District Court addressed the arguments raised by the parties with regard to P.C. Rental's liability coverage, the District Court's ultimate resolution of this case rested on the primary versus excess coverage provisions of the respective property damage policies. Therefore, the issues presented involving consideration of P.C. Rental's liability policy are not germane to our resolution of this case and will not be addressed.

## BACKGROUND

1. ¶In the District Court proceeding, the parties stipulated to the following underlying facts: On May 7, 1995, John Hudson used his Visa Gold Card at the Gallatin County Airport to rent a 1995 Ford Mustang convertible from P.C. Rental. On May 10, 1995, Hudson lost control of the vehicle, causing damage rendering the vehicle a total loss.

2. ¶At the time of the accident, P.C. Rental had a commercial lines policy through Empire Fire and Marine Insurance Company (Empire), which included liability and physical damage coverage. As of May 10, 1995, Hudson did not own an automobile and was not covered by a personal automobile insurance policy at the time of the accident. However, one of the benefits provided by the Visa Gold Card Hudson used to rent the Mustang was auto rental insurance.

3. ¶Empire paid P.C. Rental the agreed actual cash value of the vehicle in the amount of $18,223 (rounded off to the nearest dollar amount), minus a $1000 policy deductible. Empire subsequently sold the damaged vehicle for salvage and received $1108, resulting in a net payout of $17,115 to P.C. Rental. In addition, Visa paid P.C. Rental approximately $7800 to cover P.C. Rental's deductible and lost rental fees.

4. ¶On July 25, 1996, P.C. Rental brought a breach of contract action against Hudson for failing to return the car in the same condition in which it had been rented to him as required by the rental agreement. Hudson filed an Answer and Third Party Claim on October 2, 1996, alleging that Chase Manhattan Bank, as the issuer of his Visa Gold Card, was responsible for any damage sustained to the rental car under the terms of the auto rental insurance.

5. ¶Hudson subsequently filed for bankruptcy and assigned all his rights in the third-party claim against Chase Manhattan Bank to P.C. Rental. Based on those events, P. C. Rental filed a motion for leave to amend its complaint on June 20, 1997, which was granted. In its Amended Complaint, P.C. Rental added Visa U.S.A., as a defendant on the basis that the auto rental insurance Hudson obtained through his Visa Gold Card, issued by Chase Manhattan Bank, was provided by Visa U.S.A. P. C. Rental alleged that the auto rental insurance provided coverage on a 24-hour basis for damage to a rental car rented with the credit card up to the full value of the car in the event of collision or rollover. Visa filed an answer to the Amended Complaint denying P.C. Rental's allegations regarding the auto rental insurance.

6. ¶On September 10, 1998, the parties entered into a Stipulation of Fact Concerning Real Party in Interest, which stated that this lawsuit was a subrogation action brought by Empire in the name of its insured, P.C. Rental, and that Empire was an additional real party in interest agreeing to be bound as if named as a party plaintiff. In addition, the parties entered into a Stipulation of Fact for Purposes of Submitting Coverage Issue to Court for Ruling on Summary Judgment.

7. ¶The parties subsequently filed cross-motions for summary judgment. Visa alleged that they had met their obligation under the auto rental insurance when they paid P. C. Rental approximately $7800 to cover P.C. Rental's policy deductible and lost rental fees. In addition, Visa asserted that the auto rental insurance provided excess coverage and Empire's property damage coverage provided primary coverage for the loss of the rental vehicle. Furthermore, Visa alleged that Hudson was an insured under the liability coverage issued by Empire and thus, Empire could not subrogate against its own insured.

8. ¶P.C. Rental/Empire argued that Hudson was not a designated insured under the property damage/collision coverage and thus, Empire was not attempting to subrogate against its own insured. Moreover, P.C. Rental/Empire asserted that no issue of primary or excess coverage existed in this subrogation action and Visa was ultimately responsible for the loss of the vehicle.

9. ¶The District Court concluded that Hudson was an insured under the liability policy provided to P.C. Rental by Empire and thus, Empire was not entitled to subrogate

against its own insured under the liability coverage. With regard to the property damage/collision coverage, the District Court stated that since both policies provided property damage coverage for the same vehicle, the court must honor the "other insurance" clauses of the policies. The policy issued by Empire states that its coverage is primary and the auto rental insurance provided through Visa states that it is excess coverage. Accordingly, the District Court concluded that Empire was not entitled to recover any of the amount it paid to P.C. Rental from Visa.

10. ¶After its ruling, the District Court entered judgment granting Visa's motion for summary judgment, denying P.C. Rental's motion for summary judgment, and dismissing P.C. Rental's Amended Complaint with prejudice. P.C. Rental appeals from the judgment entered by the District Court.

## STANDARD OF REVIEW

1. ¶Our standard of review in appeals from summary judgment rulings is de novo. *See Ruckdaschel v. State Farm Mut. Auto. Ins.* (1997), 285 Mont. 395, 398, 948 P.2d 700, 702 (citations omitted). When we review a district court's grant of summary judgment, we apply the same evaluation, based on Rule 56, M.R.Civ.P., as the district court. *See Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner*, we set forth our inquiry:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Bruner, 272 Mont. at 264, 900 P.2d at 903 (citations omitted). In this case, the parties have stipulated to the facts. Therefore, our review is confined to determining whether the District Court's conclusions of law are correct.*

## DISCUSSION

1. ¶Whether the District Court erred when it concluded that P.C. Rental's physical

damage coverage was primary coverage and Visa's auto rental insurance coverage was excess coverage?

2. ¶P.C. Rental contends that Hudson is not an insured under its physical damage coverage, therefore, Visa is Hudson's only physical damage insurer. P.C. Rental cites cases from other jurisdictions that have found that subrogation should not be precluded when a physical damage claim is made. However, we think it is important to note that the cases cited by P.C. Rental all indicate that the contract language of the collision or physical damage insurance is of key importance and that such insurance covers physical damage to a specific insured vehicle irrespective of who was driving or whether the car was being driven at all. One particular quote cited by P.C. Rental is worth repeating:

However, of central importance in this case is the fact that Penn's policy is one of collision insurance and not liability insurance. The issues of who is an "insured" and of permissive use are critical in the resolution of a dispute involving automobile liability insurance policies but not in cases involving automobile collision coverage; liability insurance covers whomever may be construed as an "insured" under the terms of the policy and permission is relevant in determining whether the acts of the driver are insured by the policy. Collision insurance is basically a contract of indemnity which merely covers physical damage to a specific insured vehicle . . . irrespective of who is driving.

*Aetna Cas. & Sur. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.* (N.C. 1986), 341 S.E.2d 548, 550 (citations omitted).

1. ¶Visa asserts that the District Court correctly determined that P.C. Rental's physical damage coverage was primary and their auto rental insurance was excess. Visa also contends that regardless of whether Hudson was an "insured" under the physical damage policy, Empire covered the 1995 Ford Mustang on a primary basis pursuant to the terms of its policy.

2. ¶The physical damage coverage issued to P.C. Rental by Empire provided:

1. We [Empire] will pay for "loss" to a covered "auto" or its permanently installed business equipment under:

. . . .

b. Collision Coverage. Caused by:

(1) The covered "auto's" collision with another object; or

(2) The covered "auto's" overturn.

The auto rental insurance issued to Hudson by Visa provided:

## Part IV. DESCRIPTION OF COVERAGE

### A. Collision Damage Insurance

Coverage is provided for covered loss to a Rental Car caused by the Rental Car's collision with another object or its overturn.

1. ¶Since both policies provided coverage for the loss of the Mustang, it is necessary to look to the "other insurance" clauses of the policies to determine the scope of coverage each policy provided. The other insurance clause of the physical damage coverage issued to P.C. Rental by Empire provided:

a. For any covered "auto" you own, this Coverage Form provides primary insurance.

The auto rental insurance issued to Hudson by Visa provided:

### A. 1. Secondary Coverage

This coverage is excess over any other collectible insurance including coverage on an automobile an Eligible Person owns.

1. ¶Pursuant to its terms, the Empire policy provided primary coverage, which was collected by P.C. Rental. In addition, the terms of the auto rental insurance provided that it was excess over any other collectible insurance. Pursuant to the terms of their respective policies, Empire paid P.C. Rental for the loss of the Mustang, minus a $1000 deductible, and Visa paid P.C. Rental's $1000 deductible as well as approximately $6800 in lost rental fees.

2. ¶Given the nature of the physical damage/collision coverage available, no determination of whether Hudson was an insured under Empire's physical damage coverage was necessary or possible under the policies. Based on the plain language of the two policies, we conclude that the District Court did not err when it concluded that P.C. Rental's physical damage coverage was primary coverage and that Visa's auto rental insurance was excess coverage.

3. ¶Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON