No. 00-101

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 375N

RUSSELL E. HUSTWAITE,
Plaintiff and Appellant,

v.

MONTANA CONFERENCE OF SEVENTH-DAY ADVENTISTS, a private association; MONTANA

CONFERENCE ASSOCIATION OF SEVENTH-DAYADVENTISTS, a corporation; NORTH PACIFIC

UNION CONFERENCE OF SEVENTH-DAY ADVENTISTS, a private association; NORTH

PACIFIC UNION CONFERENCE ASSOCIATION OF SEVENTH-DAY ADVENTISTS, a conference;

and GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS, a private association,

Defendants and Respondents.

MONTANA CONFERENCE ASSOCIATION OF

SEVENTH-DAY ADVENTISTS, a nonprofit corporation,

Counterclaimant,

v.

RUSSELL E. HUSTWAITE,

Counterclaim Defendant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Kenneth R. Neill, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kenneth R. Olson, Attorney at Law, Great Falls, Montana

Ernest F. Ching, Jr., Attorney at Law, Tustin, California

W. Todd Westmoreland, Attorney at Law, Tillamook, Oregon

For Respondents:

Ronald F. Waterman; Gough, Shanahan, Johnson & Waterman,

Helena, Montana

John Spencer Stewart; Stewart, Sokol, Gray, Portland, Oregon

Phil Hiroshima; Hiroshima, Jacobs, Roth & Lewis, Sacramento

California

Submitted on Briefs: July 13, 2000
Decided: December 28, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Eighth Judicial District Court, Cascade County, granted summary judgment against Russell E. Hustwaite on the entirety of his seven-count complaint and dismissed the complaint. Hustwaite appeals. We affirm.

¶3 This action is an outgrowth of litigation against Russell Hustwaite and various Seventh-day Adventist churches and groups of churches ("church defendants") beginning in 1988. In that year, a former student of Hustwaite's filed suit against him and several of the church defendants in the State of Washington, alleging that Hustwaite had sexually abused her while she was a student at a church school. Over the next several years, other former students in Washington and Montana filed additional lawsuits claiming Hustwaite had physically or sexually abused them while he was their teacher.

¶4 Throughout the civil litigation, Hustwaite was provided independent counsel paid for by the church defendants or their insurers. Most of the litigation was resolved via settlement agreements between the church defendants and the plaintiffs.

¶5 Hustwaite filed this action against the church defendants in 1996. He appeals from the District Court's dismissal of five counts of his complaint: (1) an indemnification claim against the North Pacific Union Conference for his expenses in defending against criminal and civil charges filed against him in Montana; (2) a two-fold claim for defamation, as a result of the settlement of students' claims against him and the republication of a CBS television news story about a student's claim against the church defendants for sexual abuse by a teacher who was not identified by name in the story; (3) a claim that the church defendants were negligent in settling students' claims after defending him with insufficient vigor; (4) a negligent infliction of emotional distress claim; and (5) an intentional infliction of emotional distress claim.

¶6 The District Court granted summary judgment under the Rule 56(c), M.R.Civ.P., criteria that Hustwaite had failed to establish genuine issues of material fact as to any of his claims and the church defendants were entitled to judgment as a matter of law. Our standard of review of legal determinations such as those presented here is whether the court's interpretation of the law was correct. *See Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903.

¶7 We hold that the District Court's conclusions were correct. Hustwaite failed to produce evidence for purposes of his indemnification claim that, in his capacity as a teacher, he

was an actual agent of the North Pacific Union Conference, which held the insurance policy containing the indemnification provision. Further, he failed to establish that an ostensible agency existed, in the eyes of the plaintiff Montana students, between himself and the North Pacific Union Conference. *See Kober v. Stewart* (1966), 148 Mont. 117, 417 P.2d 476. Hustwaite's defamation claims fail as a matter of law for two reasons: the complete lack of legal support for the argument that he, as one co-defendant, was defamed as a result of the settlement of claims by another co-defendant; and the fact that the communication by which Hustwaite complains he was defamed unrefutedly contained no untruths and thus was privileged. *See* § 27-1-804(3) and (4), MCA. Summary judgment on the negligence claim was proper because Hustwaite failed to present any evidence that the church defendants owed him a duty not to settle claims against them. Finally, the claims of negligent and intentional infliction of emotional distress were properly dismissed following the failure of all of Hustwaite's other claims. *See Sacco v. High Country Independent Press, Inc.* (1995), 271 Mont. 209, 238, 896 P.2d 411, 429 (a claim for emotional distress can only arise out of a defendant's negligent or intentional act).

¶8 We affirm the judgment of the District Court.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER