No. 01-432

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 68

WILLIAM PRYOR,

Plaintiff and Appellant,

v.

BABCOCK BUILDING CORPORATION,

Defendant and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Pierre L. Bacheller, Attorney at Law, Billings, Montana

For Respondent:

Margy Bonner, Brown Law Firm, P.C., Billings, Montana

Submitted on Briefs: December 13, 2001

Decided:  April 4, 2002

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 On June 4, 1999, William Pryor filed an action against Babcock Building Corporation (Babcock) for slander of title. Babcock moved for summary judgment, which the Thirteenth Judicial District Court, Yellowstone County, granted. Pryor appeals and we affirm.

¶2 The following issue is dispositive of this appeal:

¶3 Did the District Court err in granting a motion for summary judgment?

## BACKGROUND

¶4 The origins of this case trace back to a failed business venture, D & J Enterprises, d/b/a Benneton (D & J). D & J was a clothing business owned by Richard Einarson and Jane Pryor, William Pryor's wife. Babcock entered a commercial lease agreement with D & J to lease retail space in downtown Billings, Montana. D & J subsequently defaulted on the lease obligations and Babcock sued to enforce its terms.

¶5 On July 12, 1996, the Yellowstone County Justice Court entered a judgment against Einarson and Jane, individually. The Justice Court's judgment was based on a Settlement Agreement and Stipulation for Entry of Judgment between Einarson, Jane and Babcock dated May 14, 1996. The Judgment stated that Einarson and Jane owed a total of $6,704.02, with continuing interest at the rate of twelve percent per annum until Einarson and Jane paid the entire amount. Babcock subsequently filed a Transcript of Judgment (the "Original Transcript") in the District Court on August 7, 1996. According

to that transcript, the total judgment entered against Einarson and Jane was $6,704.02 on July 12, 1996, and the balance as of July 19, 1996, was $7,156.56.

6¶     On August 15, 1996, Jane paid Babcock $1,355.00 of the judgment. Jane later deeded her interest in the retail property to her husband, William Pryor, on April 7, 1997. The next day, Jane paid an additional $5,766.14 to Babcock. On April 9, 1997, the Justice Court issued an Amended Transcript of Judgment (the "Amended Transcript") that included the rent and interest accrued since the original Judgment. It stated that the balance as of April 8, 1997, was $22,956.95.

7¶     In the spring of 1999, William attempted to refinance the disputed property. While submitting his refinance application, he learned that the Justice Court Judgment as transcribed to the District Court existed as a lien on the property. William requested that Babcock provide a partial satisfaction of judgment to Jane and release the lien on the Judgment. William asserted that Jane paid the full amount due under the Original Transcript, but Babcock refused to release the lien. On June 4, 1999, William sued Babcock for slander of title. On December 7, 2000, Babcock moved for Summary Judgment, which the District Court granted on March 21, 2001.

## STANDARD OF REVIEW

8¶     We review a district court's grant of summary judgment *de novo,* applying the same evaluation under Rule 56, M.R.Civ.P., as the district court. *See Vivier v. State Dep't of Transp.*, 2001 MT 221, ¶ 5, 306 Mont. 454, ¶ 5, 35 P.3d 958, ¶ 5; *Bruner v.*

3

*Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In *Bruner,* we stated that:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Bruner,* 272 Mont. at 264-65, 900 P.2d at 903 (citations omitted).

## DISCUSSION

9¶ Did the District Court err in granting a motion for summary judgment?

10¶ We define slander of title as an action where one "maliciously publishes false matter which brings in question or disparages the title to property, thereby causing special damage to the owner." *Felska v. Goulding* (1989), 238 Mont. 224, 232, 776 P.2d 530, 535 (quoting *First Sec. Bank v. Tholkes* (1976), 169 Mont. 422, 427, 547 P.2d 1328, 1331). To determine whether Babcock maliciously published false matter concerning the disputed property, we must first decide if Jane's payments obligated Babcock to release her from the judgment lien. In concluding that Babcock was under no obligation to release Jane from the judgment lien, the District Court found that Jane's payment of $5,766.14 did not satisfy the amount owed against the real property. It also held that Babcock's filing of the Amended Transcript was proper to correct clerical errors in the Original Transcript. The court thus concluded that Babcock did not slander the title to William's real property and granted summary judgment in Babcock's favor.

4

¶11 On appeal, William asserts that the amount owed on the lien was limited to the scope of the Original Transcript and that Jane paid the full amount due under that transcript. William therefore maintains that Jane's payments extinguished the lien on the property. We disagree.

¶12 The balance owed as of July 19, 1996, according to the Original Transcript, was $7,156.56. William claims that Jane "paid to the Babcock Building Corporation every penny of the judgment lien created by the [Original Transcript]." The amounts Jane paid, however, were $1,355.00 and $5,766.14. These payments total $7,121.14. Thus, Jane did not pay every penny owed under the Original Transcript. Without taking into consideration interest accrued or the validity of the Amended Transcript, Jane's payments were at least $35.42 short. Babcock was under no obligation to extinguish the lien until Jane fully satisfied the debt. Therefore, because Jane did not do this under either transcript, we need not address whether Babcock properly filed the Amended Transcript.

¶13 For the above reasons, we conclude that the District Court did not err in granting Babcock's motion for summary judgment.

¶14 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER
/S/ PATRICIA COTTER
/S/ JIM RICE