No. 01-877

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 274N

WELLS FARGO BANK, N.A.,

        Plaintiff and Respondent,

   v.

WAYNE PALLETT and ALTA PALLETT,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Tenth Judicial District,
                  In and for the County of Fergus,
                  The Honorable John Warner, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Robert L. Johnson, Attorney at Law, Lewistown, Montana

        For Respondent:

                Charles Frederick Unmack, Attorney at Law, Stanford, Montana

Submitted on Briefs:  September 5, 2002

Decided:     December 3, 2002

Filed:

_____
                       Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Respondent Wells Fargo Bank filed a complaint in the Tenth Judicial District Court, Fergus County, which sought to recover the balance owing on a loan guarantied by the Appellants, Wayne and Alta Pallett. Wells Fargo subsequently filed a motion for summary judgment, which the District Court granted. Wayne and Alta appeal from the District Court's order of summary judgment. We affirm.

¶3 We address the following issues on appeal:

¶4 1. Did the District Court err when it concluded that Wells Fargo was entitled to recover from Wayne and Alta as a matter of law pursuant to the guaranties?

¶5 2. Did the District Court err when it dismissed Wayne and Alta's counterclaim for conversion?

BACKGROUND

¶6 On November 14, 1994, Ernest and Debbie Pallett obtained a $31,000 loan from Norwest Bank, now Wells Fargo Bank, to finance a startup business, Ernie's Auto, located in Lewistown, Montana. Ernest and Debbie granted Wells Fargo a security interest in their presently owned and after-acquired inventory and equipment. Further, Ernest's parents, Wayne and Alta Pallett, cosigned the loan, guarantying Wells Fargo "the payment and

2

performance of each and every debt, liability and obligation of every type and description which [Ernest and Debbie] may now or at any time hereafter owe to [Wells Fargo] . . . ." The guaranties specifically provided that Wells Fargo maintained no obligation to inform Wayne and Alta of debt subsequently incurred by Ernest and Debbie.

¶7 On October 15, 1997, Ernest and Debbie obtained an additional $10,000 loan from Wells Fargo. Ernest and Debbie signed another Security Agreement granting Wells Fargo a security interest in their presently owned and after-acquired inventory and equipment. Wells Fargo did not inform Wayne and Alta about this loan at its inception.

¶8 In January of 1998, Wells Fargo notified Wayne and Alta that it had not received payment on either of the loans for an undisclosed period of time. In the ensuing months, Wells Fargo contacted Wayne and Alta on several occasions regarding the delinquency. By July of 1998, Ernie's Auto went out of business. The Palletts leased the building formerly occupied by Ernie's Auto to Paul Granot, doing business as PJG Motorsports.

¶9 In August of 1998, Wells Fargo informed Wayne, Alta, Ernest, and Debbie that the outstanding balance on both loans was $26,824.54. On June 18, 1999, Wayne and Alta remitted $18,723.12 to Wells Fargo. This amount satisfied the initial $31,000 loan. However, the parties remained indebted to Wells Fargo in the approximate amount of $8,000.

¶10 In September of 1999, Wells Fargo informed the Pallets and Granot of its intention to seize certain equipment from the

3

business premises, namely a high-lift hoist and an air compressor. On January 24, 2000, Wells Fargo sold the hoist and compressor to Granot for $2,250 and applied the proceeds to the outstanding balance on the second loan. Granot later vacated the premises and took the hoist and compressor with him.

¶11 On June 13, 2000, Wells Fargo filed a complaint against Wayne and Alta in an effort to collect the unpaid debt. The complaint sought to recover $6,788.23, plus interest, as well as attorney fees and costs incurred in filing suit. On September 7, 2000, Wayne and Alta filed an answer which asserted a counterclaim for conversion. Wayne and Alta argued that they owned an undivided, two-thirds interest in the service station, including the fixtures contained therein. Wayne and Alta contended that the hoist and compressor were fixtures. As Wells Fargo had no security interest in the fixtures on the property, Wayne and Alta insisted that Wells Fargo's "removal of the hoist and compressor was a deliberate or grossly negligent act and it has constituted a conversion of Defendants' interest in those fixtures sufficient to support an award of punitive damages."

¶12 On May 15, 2001, Wells Fargo filed a motion for summary judgment. Wayne and Alta filed a motion for summary judgment on August 8, 2001. On September 5, 2001, the District Court granted Wells Fargo's motion for summary judgment. The District Court dismissed the counterclaim, entered judgment against Wayne and Alta in the amount of $7,378.29, plus interest, and awarded Wells Fargo its reasonable attorney fees and costs incurred in the action.

4

Wayne and Alta subsequently moved the District Court to amend its judgment.  The District Court denied the motion to amend and Wayne and Alta filed a notice of appeal from the order of summary judgment on December 14, 2001.

STANDARD OF REVIEW

¶13    We review a district court's grant of summary judgment *de novo,* applying the same evaluation under Rule 56, M.R.Civ.P., as the district court.  *Vivier v. State Dept. of Transp.*, 2001 MT 221, ¶ 5, 306 Mont. 454, ¶ 5, 35 P.3d 958, ¶ 5.  This Court has stated that:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist.  Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law.  We review the legal determinations made by a district court as to whether the court erred.  [Citations omitted.]

*Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903.

## DISCUSSION

## ISSUE ONE

¶14  Did the District Court err when it concluded that Wells Fargo was entitled to recover from Wayne and Alta as a matter of law pursuant to the guaranties?

¶15  Wayne and Alta contend that "the pivotal issue is whether the payment they made to the bank in June of 1999 did, or did not, fund or settle the bank's claim against them concerning the 1997 note." Wayne and Alta suggest that genuine issues of fact existed as to what the 1999 payment actually covered.  Therefore, they maintain that the District Court erroneously entered summary judgment in favor of Wells Fargo.

¶16  The construction and interpretation of a contract is a question of law for the court to decide.  *Stutzman v. Safeco Ins. Co. of America* (1997), 284 Mont. 372, 376, 945 P.2d 32, 34.  If a

6

contract is clear and unambiguous, a court need not resort to the rules of construction, but shall enforce the contract as made by the parties. *Schwend v. Schwend*, 1999 MT 194, ¶ 38, 295 Mont. 384, ¶ 38, 983 P.2d 988, ¶ 38.

¶17 The guaranty that Wayne and Alta executed in 1994 provides:

> [T]he undersigned guarantee(s) to [Wells Fargo] the payment and performance of each and every debt, liability and obligation of every type and description which [Ernest and Debbie] may now or at any time hereafter owe to [Wells Fargo] (whether such debt, liability or obligation now exists or is hereafter created or incurred, and whether it is or may be direct or indirect, due or to become due, absolute or contingent, primary or secondary, liquidated or unliquidated, or joint, several or joint and several; all such debts, liabilities and obligations being hereinafter collectively referred to as the "Indebtedness").
>
> . . . .
>
> [T]his is an absolute, unconditional and continuing guaranty of payment of the Indebtedness and shall continue to be in force and be binding upon the undersigned, whether or not all Indebtedness is paid in full, until this guaranty is revoked prospectively as to future transactions, by written notice actually received by [Wells Fargo] . . . .
>
> . . . .
>
> [Wells Fargo] may, but shall not be obligated to, enter into transactions resulting in the creation or continuance of Indebtedness, without any consent or approval by the undersigned and without any notice to the undersigned.

The guaranty provided Wayne and Alta the opportunity to limit their future liability. However, Wayne and Alta did not avail themselves of the protection afforded therein.

¶18 Wayne and Alta do not contend that they revoked the guaranty as to future transactions. Therefore, pursuant to the clear language of the guaranty, Wayne and Alta remained liable to Wells

7

Fargo for both loans. As such, contrary to Wayne and Alta's assertion, the issue of which loan the 1999 payment was applied to does not create a genuine issue of fact. For, as Wayne and Alta guaranteed both loans, it does not matter which debt their advancement covered. Accordingly, we hold that the District Court did not err when it concluded that Wells Fargo was entitled to recover from Wayne and Alta as a matter of law.

ISSUE TWO

¶19    Did the District Court err when it dismissed Wayne and Alta's counterclaim for conversion?

¶20 On appeal, it is somewhat difficult to ascertain Wayne and Alta's position on this issue. In their answer to Wells Fargo's complaint, Wayne and Alta asserted that they owned an undivided two-thirds interest in the automotive service station, which included the fixtures contained therein. They claimed that the hoist and compressor located in the service station constituted fixtures. As Wells Fargo did not maintain an interest in the real property, Wayne and Alta argued that Wells Fargo unlawfully converted the property when it seized and sold the items to Granot.

¶21 Section 70-15-103, MCA, provides:

> **Fixture defined.** A thing is deemed to be affixed to land when it is:
>
> (1)  attached to it by roots, as in the case of trees, vines, or shrubs;
>
> (2)  imbedded in it, as in the case of walls;
>
> (3)  permanently resting upon it, as in the case of buildings; or

8

> (4) permanently attached to what is thus permanent
> as by means of cement, plaster, nails, bolts, or screws.

To consider whether an object has become a fixture or not, courts should examine the following factors: (1) annexation to the realty; (2) an adaptation to the use to which the realty is devoted; and (3) intent that the object become a permanent accession to the land. *Schwend*, ¶ 15.

¶22 With regard to whether the items constituted fixtures, the District Court entered the following findings and conclusions:

> The bank loaned money to buy the compressor and hoist. The hoist and compressor were purchased, placed in the business and used therein. Both items were heavy, were taken into the building and attached to the floor by bolts imbedded in the concrete, which bolts were passed through holes in the bases of the machinery and then secured by nuts screwed onto the bolts.
>
> . . . .
>
> Here, it is clear that the hoist and compressor were not *permanently* attached. There is no evidence in the record that it [sic] or the building were damaged when removed.

¶23 The information presented to the District Court, i.e., affidavits and exhibits, supports the above findings and conclusions. Although the items were secured to the real property with bolts, they were not done so in the permanent fashion contemplated by § 70-15-103, MCA, and our fixture case law. As indicated by the District Court, the hoist and compressor could be removed without causing material injury to the real property or the items. *See Montana Electric Co. v. Northern Valley Mining Co.* (1915), 51 Mont. 266, 274, 153 P. 1017, 1019.

9

¶24 The record supports the District Court's conclusion that no genuine issues of fact existed regarding the permanency of the items. Therefore, the items qualified as equipment subject to the Security Agreement. Accordingly, we hold that the District Court did not err when it dismissed Wayne and Alta's counterclaim for conversion.

¶25 Wayne and Alta purport to present a third issue for review on appeal. Wayne and Alta assert that the District Court committed error when it failed to address their motion for partial summary judgment. It appears that Wayne and Alta filed their summary judgment motion on the theory that "if the Bank intended to hold them to their continuing guaranty on the later loan to their son and his wife, the Bank had a duty to tell them so in time to let the senior Palletts have an opportunity to protect their position before this suit." We have already indicated that the guaranty clearly and unambiguously relieved Wells Fargo from any obligation to inform Wayne and Alta of future indebtedness. While the District Court did not expressly grant or deny Wayne and Alta's motion for summary judgment, it certainly examined and discredited the arguments proffered therein. Therefore, the District Court did not fail to address Wayne and Alta's motion as they suggest.

¶26 Finally, Wells Fargo requests that we award costs and attorney fees incurred on appeal. Courts automatically award costs on appeal in civil actions to the prevailing party. *See* Rule 33(a), M.R.App.P. Further, where an award of attorney fees is based on a contract, the prevailing party is entitled to his reasonable attorney fees on appeal. *Eschenbacher v. Anderson*, 2001 MT 206, ¶

51, 306 Mont. 321, ¶ 51, 34 P.3d 87, ¶ 51.  Thus, we hold that Wells Fargo is entitled to an award of attorney fees and costs on appeal.

¶27  In summary, we hold that the District Court did not err when it entered summary judgment in favor of Wells Fargo.  Therefore, we affirm the judgment of the District Court and remand this matter for a determination of attorney fees and costs.

/S/ JIM REGNIER

We Concur:

/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

11