No. 02-606

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 162

DONALD H. BOS,

       Plaintiff and Appellant,

  v.

GALLATIN COUNTY, MONTANA, a political
subdivision of the State of Montana,

       Defendant and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DV-01-195
The Honorable Mark L. Guenther, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           R. Stan Peeler, Peeler Law Office, Bozeman, Montana

       For Respondent:

           Hon. Mike McGrath, Attorney General, Helena, Montana

           Marty Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  March 13, 2003

Decided:  June 10, 2003

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 The Appellant, Donald Bos, filed a negligence action against the Respondent, Gallatin County, for damages allegedly resulting from Gallatin County's failure to warn Leanne Miller of her husband's release from the Gallatin County Detention Center. The Eighteenth Judicial District Court, Gallatin County, entered summary judgment in favor of Gallatin County. We affirm.

¶2 The sole issue on appeal is whether the District Court erred when it entered summary judgment in favor of Gallatin County.

BACKGROUND

¶3 On May 9, 2000, Leanne Miller obtained a temporary order of protection from the District Court. The order prohibited Leanne's husband, Tommy Miller, from coming into contact with Leanne, her property, or their children outside the presence of law enforcement, unless ordered by the court. At all times pertinent to the events in question, Leanne resided in a rental property owned by Bos.

¶4 On June 2, 2000, following multiple violations of the restraining order, Tommy was arrested and booked into the Gallatin County Detention Center. After learning of Tommy's arrest, Leanne requested that the Detention Center contact her upon Tommy's release, pursuant to Detention Center policy. At approximately 5:45 p.m. on June 2, 2000, Tommy posted bail and was released from the Detention Center. The Detention Center did not contact Leanne per her request.

¶5 In the early morning hours of June 3, 2000, Tommy went to Leanne's residence, killed Leanne, and set fire to the home. In an ensuing confrontation with local authorities, Tommy was shot and killed.

¶6 On May 9, 2001, Bos filed a negligence action against Gallatin County. Bos sought damages for the destruction of real and personal property which allegedly resulted from Gallatin County's failure to contact Leanne upon Tommy's release. On April 17, 2002, Gallatin County moved for summary judgment under the theories that (1) Gallatin County owed no duty to Bos with regard to Tommy's release and (2) § 46-24-105, MCA, precludes recovery against Gallatin County for its failure to notify Leanne of Tommy's release.

¶7 Following a hearing on the motion, the District Court concluded that Gallatin County owed no common law duty to Bos and that § 46-24-105, MCA, bars Leanne from recovering against Gallatin County on the negligence claim. Accordingly, the District Court entered its Order Granting Summary Judgment on July 9, 2002. Bos appeals from the court's order of summary judgment.

## STANDARD OF REVIEW

¶8 We review a district court's grant of summary judgment *de novo,* applying the same evaluation under Rule 56, M.R.Civ.P., as the district court. *Vivier v. State Dept. of Transp.*, 2001 MT 221, ¶ 5, 306 Mont. 454, ¶ 5, 35 P.3d 958, ¶ 5. This Court has stated that:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as

3

a matter of law. We review the legal determinations made by a district court as to whether the court erred. [Citations omitted.]

*Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903.

DISCUSSION

¶9 Did the District Court err when it entered summary judgment in favor of Gallatin County?

¶10 Section 46-24-203, MCA, provides in relevant part:

> **Prompt notification to victims and witnesses of certain offenses.** (1) A person described in subsection (2) who provides the appropriate official with a current address and telephone number must receive prompt advance notification, if possible, of proceedings relating to the person's case, including:
>
> . . . .
>
> (b) the release of the accused pending judicial proceedings[.]
>
> . . . .
>
> (2) A person entitled to notification under subsection (1) must be a victim or witness of a felony offense or a misdemeanor offense involving actual, threatened, or potential bodily injury to the victim, a relative of a victim or witness who is a minor, or a relative of a homicide victim.

Similarly, § 46-24-104(2), MCA, provides that the prosecuting attorney in a criminal case shall consult with the victim of a felony or misdemeanor offense involving bodily injury, actual or potential, to obtain the victim's views about the accused's release pending judicial proceedings. Finally, § 46-24-105, MCA, provides that "[n]othing in this chapter may be construed to create a cause of action for damages against the state or one of its political subdivisions."

4

¶11 Bos devotes a large portion of his opening brief to purported factual disputes with respect to the elements of negligence. As for § 46-24-105, MCA, Bos simply states that his "claim is a common law negligence claim." Bos insists that his cause of action does not derive from Title 46, Chapter 24, MCA. Therefore, Bos argues that the proscription contained in § 46-24-105, MCA, does not apply to the case at bar.

¶12 In his Complaint, Bos alleged the following:

> 19. The Gallatin County Detention Center had a duty and responsibility to use ordinary and prudent care in the conduct of its affairs.
>
> 20. By the Gallatin County Detention Center's actions or inaction, on or about June 2, 2000, the Detention Center caused injury to Plaintiff by failing to contact Leanne Miller of Tommy Miller's release in order that evasive action or precautions could have been undertaken to avoid what occurred that evening.
>
> 21. As a direct and proximate cause of the Detention Center's negligence, Plaintiff has suffered injury, entitling Plaintiff to compensatory and consequential damages, interest and costs. Defendant is responsible for the Detention Center's negligence.

¶13 The Complaint does not reference an independent duty which extends from Gallatin County to Bos. The Complaint is simply couched in terms of Gallatin County's duty owed to the victim. Further, Bos cites no compelling authority on appeal that would impose a common law duty upon Gallatin County with respect to Bos. Without a prevailing common law theory, when broken down to its fundamental root, Bos's cause of action derives solely from §§ 46-24-104 and -203, MCA, regardless of whether he specifically cited the provisions or not. As such, § 46-24-105, MCA, precludes Bos from recovering against Gallatin County based on its failure to notify Leanne of Tommy's release. We hold that the District Court

5

did not err when it entered summary judgment in favor of Gallatin County.   Accordingly,

we need not examine the negligence issues raised by Bos on appeal.

¶14     Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART