No. 04-841

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 298N

_____

IN RE THE MARRIAGE OF

CLAY ROSELLE,

        Petitioner and Appellant,

    v.

LINDA ROSELLE,

        Respondent and Respondent.

_____

APPEAL FROM:    District Court of the Fifth Judicial District,
                     In and for the County of Beaverhead, Cause No. DR-00-12342
                     The Honorable Loren Tucker, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

           Clay Roselle (pro se), Lima, Montana

      For Respondent:

           William A. Hritsco, Davis Warren & Hritsco, Dillon, Montana

_____

                         Submitted on Briefs:  October 5, 2005

                         Decided:  November 29, 2005

Filed:

              _____
                     Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Pursuant to ' I, Para. 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court=s quarterly list of noncitable cases published in the Pacific Reporter and Montana Reporters.

¶2    Clay Roselle (Clay) appeals from the judgment of the Fifth Judicial District Court, Beaverhead County, distributing the parties= marital estate and awarding attorney fees to Linda Roselle (Linda). We affirm.

¶3    The parties were married June 12, 1994. Linda is 63 years of age and Clay is 54. Both reside in Beaverhead County, Montana; Clay also maintains a home in Idaho. Clay is self-employed and his primary line of work is the ownership and operation of junkyards; his business operations are primarily in Beaverhead County, and Clark County, Idaho.

¶4    The District Court concluded that the parties= marital estate was comprised of the following principal assets: (a) the salvage yard at Monida, Montana, valued at $80,975.00; (b) the parties= inchoate interest in approximately 670 acres of land near Monida, valued at $50,000; (c) two tracts of land in Beaverhead County, valued at $10,000; and (d) Linda=s retirement account from the Lima, Montana, school system.

¶5    At the time of the parties= marriage in 1994, Clay was in the early stages of establishing his salvage operation in Monida. Virtually all the salvage material located at the Monida junkyard was acquired and assembled during the parties= marriage.

¶6    Clay operates his businesses under the name Monida Enterprises, Inc. (MEI). However, because there is no independent business structure for MEI, and MEI=s assets and bank accounts are co-mingled with Clay=s personal funds, the District Court found MEI was the alter-ego of Clay.  Therefore, the assets were included in the marital estate.

¶7    The District Court also valued the marital interest in land located near Monida. Linda could not show fee simple ownership in Clay because the property was still in the record name of his brother.  However, Clay=s ownership interest is evinced by his dominion over the property, payment of property taxes, and receipt of rental income from the property.  It is also uncontested that the parties paid, over the course of the marriage, a total of $50,000 to acquire that interest.  Thus, the District Court did not err in adding $50,000 to the marital estate to represent this property interest.

¶8    Two tracts of land in Beaverhead County were found to be part of the marital estate and valued at $10,000.   Also, the District Court included in the marital estate and awarded Linda her teacher retirement account valued at approximately $2,400.

¶9    Finally, Linda incurred substantial out of pocket medical expenses during the marriage.  She paid virtually all of the medical bills herself with little or no assistance from Clay.  Thus, the District Court found that Linda was entitled to be reimbursed for half of those medical expenses, in the sum of $4,505.82.

¶10    At the District Court, Linda produced her final declarations of disclosure and a current income and expense declaration.  Clay failed to do so.  The District Court found that AClay=s course of conduct throughout the trial has been generally resistant to compliance with required procedures and on some occasions outright obdurately hostile .

3

. . Clay has needlessly complicated this process, has improperly resisted discovery and has created unnecessary expense for Linda.@

¶11 The Court has determined to decide this case pursuant to ' 1, Para. 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶12 The District Court has broad discretion in the valuation and distribution of a marital estate. *Collins v. Collins*, 2004 MT 365, **&&** 16-17, 324 Mont. 500, **&&** 16-17, 104 P.3d 1059, **&&** 16-17. We conclude that the District Court did not err in its findings of fact and distribution of the marital estate. Nor did the District Court abuse its discretion in awarding attorney fees and costs to Linda. It is clear from the record that Clay has unnecessarily prolonged the District Court proceedings by being uncooperative and obdurate.

¶13 Finally, Linda requests that we award her attorney fees pursuant to Rule 32, M.R.App.P., based upon Clay=s appeal of the District Court=s order Awithout substantial or reasonable grounds.@ As a general rule, this Court will not impose sanctions pursuant to Rule 32, M.R.App.P., unless the appeal is entirely unfounded and intended to cause delay or unless counsel=s actions otherwise constitute an abuse of the judicial system. *Collins*, **&** 34. In this case, we determine Clay=s appeal is without merit and has caused unnecessary delay. We therefore grant Linda=s request for attorney fees on appeal and remand to the District Court for a determination of a reasonable amount of such fees and costs to be awarded to Linda.

4

/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

5