DA 06-0474

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 143N

CLAY ROSELLE,

        Plaintiff and Appellant,

    v.

DAVIS, WARREN & HRITSCO,
WILLIAM A. HRITSCO, and
WILLIAM L. KNOX,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Fifth Judicial District,
                     In and For the County of Beaverhead, Cause No. DV-06-12915
                     Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Clay Roselle, Pro Se, Lima, Montana

        For Respondent:

                J. Blaine Anderson, Jr., Attorney at Law, Dillon, Montana

                Neil G. Westesen and Matthew F. McLean, Crowley, Haughey,
                Hanson, Toole & Dietrich, P.L.L.P., Bozeman, Montana

                          Submitted on Briefs:  February 21, 2007

                                  Decided:  June 12, 2007

Filed:

_____
                       Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Appellant Clay Roselle (Roselle) appeals from the order of the Fifth Judicial District Court granting summary judgment in favor of the Respondents.  We affirm and remand.

¶3     William Knox (Knox) is a licensed appraiser.  In the fall of 2001, at the request of the attorney for Roselle's wife in a dissolution proceeding, he appraised the Roselles' property.  The appraisal was presented to the court at the dissolution trial July 31 through August 1, 2003.  Roselle appealed the property division in the dissolution decree and the court's subsequent award of attorney fees and costs.  This Court affirmed the district court in *Roselle v. Roselle*, 2005 MT 298N, 330 Mont. 399, 126 P.3d 506.  Roselle then filed this action, naming Knox, the appraiser, as well as Mrs. Roselle's attorney and law firm—William Hritsco (Hritsco) and Davis, Warren, and Hritsco.

¶4     The District Court granted summary judgment on the following claims made by Roselle: (1) legal malpractice; (2) malicious prosecution; and (3) fraud.  The court determined that Roselle presented no legal argument regarding the claim of legal malpractice, as he was not nor ever had been a client of Hritsco or Davis, Warren, and

2

Hritsco. Since Roselle was not a client, the court held that there was no duty owed to him by Hritsco or his firm, and there could be no viable claim for legal malpractice. With regards to the second claim, malicious prosecution, the District Court determined that the elements of the claim are "simply not present." The court also determined that, as to the fraud claim, Roselle "has not pleaded any of the nine elements of fraud." In addition, the court held that the two-year statute of limitations bars any claim for fraud. Further, the court held that "all of the complaints of fraud have been previously raised, considered, and rejected both by this Court and the Montana Supreme Court," and thus the doctrine of collateral estoppel prohibits repetitive litigation of the same issues.

¶5 Roselle states his issue on appeal as follows:

> Judicial Officers, Attorney's representation to the courts, must have accountability to the people effected by a standard of justice of their making, where under Oath to the courts and the people to maintain the actual truth and the laws of the state. The attorney's liability is self evident (Thus the Complaint).

¶6 Knox asks this Court to dismiss the appeal because Roselle's statement of the issue does not state grounds "for any coherent or cognizable appeal of the grant of summary judgment by the District Court generally." Knox notes that he is neither a judicial officer nor an attorney and that "[w]hatever the issue is, it does not involve him." Knox also requests that this Court impose sanctions under M. R. App. P. 32, possibly in the form of an award of his attorney fees in this action, both in the District Court and here, for defending this meritless action.

¶7 Hritsco argues that Roselle's brief fails to comply with the Montana Rules of Appellate Procedure, and consequently, his appeal should be dismissed. Alternatively,

3

Hritsco argues that the District Court correctly granted summary judgment in favor of himself and Knox, and this judgment should be affirmed. Hritsco claims that "[t]his appeal, like Mr. Roselle's five (5) previous trips to this Court, is frivolous. Rather than seeking sanction and fees under Mont. R. App. P. 32, however, the Hritsco Defendants simply want this matter resolved."

¶8      This Court reviews a summary judgment ruling by applying the same evaluation that the district court utilizes under M. R. Civ. P. 56. *Bruner v. Yellowstone County*, 272 Mont. 261, 264, 900 P.2d 901, 903 (1995). A party is entitled to summary judgment if it establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. M. R. Civ. P. 56(c); *Miller v. Herbert*, 272 Mont. 132, 137, 900 P.2d 273, 276 (1995). The moving party has the initial burden of showing that no genuine issues of material fact exist. *Bruner*, 272 Mont. at 264, 900 P.2d at 903. Once the moving party satisfies this initial burden, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue of material fact does exist. *Bruner*, 272 Mont. at 264, 900 P.2d at 903.

¶9      As a general rule, this Court will not impose sanctions pursuant to M. R. App. P. 32 unless the appeal is entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system. *Collins v. Collins*, 2004 MT 365, ¶ 34, 324 Mont. 500, ¶ 34, 104 P.3d 1059, ¶ 34. In this case, we determine Roselle's appeal is without merit and has caused unnecessary delay. We therefore grant Knox's request for attorney fees in defending this appeal. Although Knox also requested sanctions for defense of this action from its inception, sanctions were not requested or

4

granted in the District Court. Pursuant to M. R. App. P. 32, we award sanctions to Knox for the appeal only and remand to the District Court for a determination of a reasonable amount of such fees and costs to be awarded to Knox.

¶10    It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶11    The District Court's judgment is affirmed as to all parties and this case is remanded for further proceedings consistent with this opinion.


/S/ JIM RICE


We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ BRIAN MORRIS